UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES EDWARD BELL                              CIVIL ACTION

VERSUS                                         NUMBER: 05-3731

OFFICER D. PRATT, ET AL.                       SECTION: "N"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding, which was initially filed in the United States District Court for the Western District of Louisiana and was thereafter transferred to this Court, was filed in forma pauperis ("IFP") by pro se plaintiff, James Edward Bell, Sr., against defendants, Officers D. Pratt and W. Brown of the Orleans Parish Criminal Sheriff's Department.  (Rec. doc. 1).

Plaintiff, an inmate of the Jefferson County Correctional Facility, Beaumont, Texas, at the time that suit was filed, alleges that he was unlawfully arrested by the named-defendant officers on February 1, 2005 and was wrongfully incarcerated for forty-five days because his name was similar to another individual who was wanted in St. Charles Parish.  Plaintiff requests an unspecified amount of monetary damages.

On March 13, 2006, the Court issued its standard Briefing Order directing plaintiff to file in the record of this proceeding, on or before April 10, 2006, a statement of the facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses.  (Rec. doc. 7).  A copy of the Briefing Order mailed to plaintiff at his address of record was subsequently returned to the Court with a notation that plaintiff was "Released or No Longer at Facility".  (Rec. doc. 8).  It has now been over thirty days since that piece of mail was returned to the Court as undeliverable.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change."  Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."  The foregoing Rules impose an affirmative obligation on parties to keep the court apprised of their current mailing addresses and relieves court personnel of that burden. The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the

parties or their counsel will be conducted principally by mail." <u>Perkins v. King</u>, 759 F.2d 19 (5th Cir. 1985)(table).   Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order.   <u>Lopez v. Aransas County Independent School District</u>, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E.  Plaintiff acknowledged his obligation in that regard when he signed his complaint, the fourth page of which states that "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed."   (Rec. doc. 1, p. 6).   Plaintiff has also failed to provide the Court with the information sought by the Briefing Order.  The Court must therefore assume that plaintiff has no further interest in prosecuting this case.   As plaintiff is proceeding <u>pro</u> <u>se</u> in this matter, these failure are attributable to him alone.

### <u>RECOMMENDATION</u>

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __10th__ day of _____May_____, 2006.

_____

UNITED STATES MAGISTRATE JUDGE